UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC RICHARDSON,

                              Plaintiff,

                    -v-

COMMERCE MEDIA HOLDINGS, LLC *et al.*,

                              Defendants.

---

24 Civ. 4660

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Marc Richardson, a fashion photographer, sues Commerce Media Holdings,

LLC ("Commerce Media"), Complex Media, Inc ("Complex Media"), and several Doe

defendants (collectively, "defendants") for copyright infringement under the Copyright Act,

17 U.S.C. § 501 *et seq.* The claim involves a single photograph. Defendants move to dismiss

under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the

motion with prejudice.

I.    **Background**[1]

Richardson is a professional photographer known for his "street-style documentation of

the contemporary fashion industry." AC ¶ 4. On April 17, 2022, Richardson registered with the

United States Copyright Office a photograph he had taken of the American rapper known as

"Tyler, the Creator" (the "photograph"). *Id.* ¶ 12. The photograph's registration number is VA

---

[1] The following undisputed facts, assumed true for purposes of resolving the motion, *see Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024), are drawn from the Amended Complaint, Dkt. 21 ("AC").

2-299-751. *Id.* ¶ 13. Prior to registering the photograph, Richardson posted it online "between January 18, 2022 and January 23, 2022." *Id.* ¶¶ 14–15, 22; *see also* Dkt. 29 ("Pl. Mem.") at 4.

Defendant Commerce Media is a Delaware corporation and corporate parent of Complex Media, an entertainment website. AC ¶¶ 6, 9. As parent, Commerce Media exercises "ownership, control, or authority over Complex and its business operations." *Id.* ¶ 9 (cleaned up).

Complex Media, in turn, owns and operates a public Instagram account titled "@complexmusic." *Id.* ¶ 7. The "@complexmusic" account is a "commercial webpage" that "earns revenue from advertisements and increased user engagement." *Id.* ¶ 8. The "photographs published on the website" are apparently "intended to attract user engagement and increase advertising revenues." *Id.*

Defendants Does 1 through 10 are unidentified agents or affiliates of Commerce Media and Complex Media who, while acting within the scope of that affiliation, "actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged[.]" *Id.* ¶ 11.

The AC alleges that, on an unspecified date, defendants published the photograph to the "@complexmusic" Instagram profile without Richardson's prior authorization. *Id.* ¶ 15. As alleged, the infringing use was "for commercial purposes." *Id.* A screengrab of defendants' allegedly infringing use reflects the superimposition of graphics and text over the photograph. *Id.*; *see also id.* ¶ 20. Defendants credited Richardson with the photograph by tagging his Instagram account, "@shooting.people," in the caption of the post that contained the photograph. *Id.* ¶¶ 15, 22. The AC alleges that, rather than using Instagram's "native sharing or reposting functions," defendants "copied the Subject Photograph from a location online, stored such a copy

at [a] location under its own control, and reproduced and published that copy through its own Instagram account." *Id.* ¶¶ 17–18. Richardson contacted defendants about the allegedly infringing post, but defendants failed to "meaningfully" respond. *Id.* ¶ 25.

On June 18, 2024, Richardson filed this lawsuit. Dkt. 1. On August 29, 2024, defendants moved to dismiss. Dkt. 16. That day, the Court issued an order directing Richardson to either amend his complaint or oppose the motion. Dkt. 20 ("amend-or-oppose order"). On September 18, 2024, Richardson filed the operative Amended Complaint, which brings a single count of copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*, against all defendants. Dkt. 21 ("AC"). On October 10, 2024, defendants filed a renewed motion to dismiss. Dkt. 24 ("Def. Mem."). On October 31, 2024, Richardson opposed. Dkt. 29. On November 14, 2024, defendants replied. Dkt. 30 ("Def. Reply").

## II.     Motion to Dismiss

### A.     Applicable Legal Standards

To survive a motion to dismiss, the facts alleged must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 678 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At minimum, the allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Id.* at 558; *see also id.* at 557 (where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief). Mere "labels and conclusions" are insufficient, *id.* at 555, and absent "further factual

enhancement," "naked assertion[s]" will not salvage a complaint otherwise subject to dismissal, *Iqbal*, 556 U.S. at 678.

### B.    Discussion

Defendants move to dismiss the AC on the grounds that it fails to state a claim for copyright infringement. Defendants are correct.

The Copyright Act "encourages creativity by granting to the author of an original work 'a bundle of exclusive rights.'" *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 526 (2023) (quoting *Harper & Row, Publishers, Inc. v. Nation Enterps.*, 471 U.S. 539, 546 (1985). That bundle includes the rights to "reproduce," "prepare derivative works based upon," "distribute copies" of, and to "display" the copyrighted work publicly. 17 U.S.C. § 106(1)–(3), (5). To state a claim for copyright infringement, "Rule 8 requires that the particular infringing acts be set out with some specificity." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36, n. 3 (S.D.N.Y. 1992), *aff'd sub nom.*, *Kelly v. L.L. Cool J.*, 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 950 (1994).

Courts within this District "apply the *Kelly* court's four-prong test to determine whether a claim of copyright infringement satisfies the requirements of Rule 8." *Energy Intel. Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015) (collecting cases). To withstand a motion to dismiss, a copyright-infringement complaint must allege (1) which specific original work(s) are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright. *See Cobb v. Am. Urb. Radio Networks LLC*, No. 24 Civ. 1305, 2025 WL 641437, at *2 (S.D.N.Y. Feb. 27, 2025) (citing *Kelly*, 145 F.R.D. at 36). Failure to allege any of these factors is fatal to the claim. *See*

*Young-Wolff v. McGraw-Hill Companies*, No. 13 Civ. 4372, 2014 WL 349711, at *5 (S.D.N.Y. Jan. 31, 2014) (dismissing for "failure to meet the fourth pleading requirement for a claim of copyright infringement" under *Kelly*); *Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012) (same, and collecting similar such cases).

Defendants' motion to dismiss centers on the fourth prong: that the Complaint specify "during what time the defendant infringed the copyright." *Kelly*, 145 F.R.D. at 36; *Kousnsky v. Amazon.Com, Inc.*, 631 F. App'x 22, 25 (2d Cir. 2015) (summary order) ("A well-pleaded copyright infringement claim requires a plaintiff to allege, *inter alia*, by what acts during what time the defendant infringed the copyright" (cleaned up)). The AC is completely silent as to *when* defendants allegedly infringed upon Richardson's rights to the photograph. It thus fails to plead the fourth required element of a copyright-infringement claim and must be dismissed for that reason. *See Kousnsky*, 631 F. App'x at 25; *Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, No. 18 Civ. 9369, 2020 WL 85469, at *9 (S.D.N.Y. Jan. 6, 2020) ("Because [certain images] do not . . . contain allegations regarding the time period of Defendant's infringement . . . they do not meet the muster of pleading requirements under *Kelly*." (collecting similar such cases)).

This pleading defect concerns more than a technicality. The AC notably does not allege that the allegedly infringing use of the photograph occurred *before* copyright registration of the photograph took effect on April 17, 2022. And defendants represent in moving to dismiss—without any refutation by Richardson—that the photograph was posted on, and removed from, the "@complexmedia" Instagram account on January 25, 2022, nearly three months before Richardson obtained a valid copyright for the photograph. *See* D. Mem. at 2 n.2. On a Rule 12(b)(6), the Court, of course, must draw all reasonable inferences in favor of the plaintiff. *See St. John's Univ.*, 91 F.4th at 651. But defendants' uncontested proffer underscores a reason

for—and a reason courts enforce—the requirement that the plaintiff plead the date of the infringement. Assuming *arguendo* that the infringing use occurred before Richardson registered the photograph, and that the photograph was "unpublished" within the meaning of the Copyright Act, *see Norris v. Goldner*, No. 19 Civ. 5491, 2023 WL 5477229, at *6 n.9 (S.D.N.Y. Aug. 24, 2023) ("[M]erely posting a digital file on the Internet . . . does not amount to 'publication' under the Copyright Act."), Richardson is ineligible to recover the statutory damages and attorney's fees his AC centrally seeks under the Copyright Act. *See* 17 U.S.C. § 412 ("[N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration."); *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 167 (S.D.N.Y. 2024) (barring recovery of statutory damages and attorney's fees where the effective date of copyright registration occurred "after the allegedly infringing acts began"); *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16 Civ. 724, 2016 WL 4126543, at *2 (S.D.N.Y. Aug. 2, 2016) ("[I]n order to obtain statutory damages and attorneys' fees, a plaintiff must have registered its copyright prior to the alleged infringement.").

The Court accordingly dismisses the Complaint under *Kelly* for failure to plead the fourth element. *See, e.g., Palmer/Kane LLC*, 2020 WL 85469, at *9 (dismissing copyright claim where certain images "fail to allege during what time the defendant infringed the copyright" (citing *Kelly*, 145 F.R.D. at 36)); *Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493, 2019 WL 5199431, at *23 (S.D.N.Y. Sept. 30, 2019) (similar); *Young-Wolff*, 2014 WL 349711, at *5 (same where "the Complaint did not contain a single date or reference to a time period and thus failed to specify during what time the defendant infringed the copyright" (cleaned up)); *John Wiley & Sons*, 2012 WL 3133520, at *13 (same).

### III.    Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should freely be given "when justice so requires." But "it is within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009). Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (denying plaintiffs "another bite at the proverbial apple" where plaintiffs had the opportunity to, but failed to, cure for which they were on notice). A court may deny leave to amend where "the plaintiff has already had the opportunity to amend its Complaint, and there is no indication that amendment would not be futile." *Champions League, Inc. v. Woodard*, 224 F. Supp. 3d 317, 322 (S.D.N.Y. 2016) (cleaned up) (citing *MC v. Arlington Cent. Sch. Dist.*, 2012 WL 3020087, at *14 (S.D.N.Y. July 24, 2012)); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend." (cleaned up)).

Here, Richardson had the benefit of an opportunity to amend his complaint in response to defendants' first motion to dismiss. *See* Dkts. 20–21. In their brief in support of that motion, defendants devoted nearly two pages to the very argument that has prevailed here: that the Complaint's failure to plead when the infringement occurred is legally "fatal" to its claim. *See* Dkt. 17 at 4–6 ("Plaintiff did not identify a copyright registration number nor when the alleged infringement occurred. Failure to identify the time period for the alleged infringing acts, alone, is fatal and requires dismissal." (citing *Lennon v. Seaman*, No. 99 Civ. 2664, 2002 WL 109525,

at *6 (S.D.N.Y. Jan. 28, 2002))).  In response to the Court's amend-or-oppose order, Dkt. 20,

Richardson elected to amend his Complaint in response to defendants' motion to dismiss.

Dkt. 21.  Although his Amended Complaint added several allegations that addressed other

challenges made in defendants' motion, *see* AC ¶¶ 13–14, 17 (detailing the photograph's

copyright registration number and the manner by which defendants posted the photograph to

Instagram), it failed entirely to address the deficiency at issue here: the pleading's silence as to

when the infringement occurred.

      The Court thus finds that, insofar as Richardson already had notice of this deficiency and

an opportunity to amend his complaint to address it but failed to do so, granting leave to amend

is "unlikely to be productive," warranting dismissal.  *Ruffolo*, 987 F.2d at 131; *see also, e.g.*,

*Bellikoff*, 481 F.3d at 118 (affirming denial of leave to amend where plaintiff was "informed of

the deficiencies in the complaint and then an opportunity to cure those deficiencies," yet did not

do so (cleaned up)); *Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29,

2024) (the "district court did not err when denying [plaintiff's] motion to amend the complaint"

insofar as, *inter alia*, plaintiff "has already amended his complaint on one prior occasion"); *Small

v. N.Y.C. Dep't of Educ.*, 650 F. Supp. 3d 89, 106 (S.D.N.Y. 2023) ("Given that plaintiff has

already had the benefit of a ruling with which to amend his complaint once to cure specific

deficiencies, additional amendment is likely futile." (cleaned up)); *Kasilingam v. Tilray, Inc.*,

No. 20 Civ. 3459, 2024 WL 4350118, at *15 (S.D.N.Y. Sept. 30, 2024) (similar); *Hayashi v.

Ozawa*, No. 17 Civ. 2558, 2019 WL 1409389, at *6 (S.D.N.Y. Mar. 28, 2019) (dismissing with

prejudice where "Plaintiff has already had the opportunity to amend her complaint once in the

face of Defendant's first motion to dismiss, which fully briefed Defendant's argument," and

pleading defect persisted after amendment).

**CONCLUSION**

For the foregoing reasons, the Court grants defendants' motion to dismiss the Amended Complaint with prejudice.  The Clerk of Court is respectfully directed to close the motions pending at Dockets 16 and 24.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: March 26, 2025
       New York, New York