UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MARC RICHARDSON,

                           Plaintiff,

         -v-

COMMERCE MEDIA HOLDINGS, LLC *et al.*,

                           Defendants.

24 Civ. 4660 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On March 26, 2025, the Court granted defendants' motion to dismiss the Complaint of plaintiff Marc Richardson, who alleges that defendants Commerce Media Holdings, LLC, Complex Media, Inc., and several Doe defendants infringed his copyright in a photograph in violation of the Copyright Act, 17 U.S.C. § 501 *et seq*. Richardson now seeks reconsideration of that decision. Dkt. 35. For the reasons that follow, the Court denies the motion.

**I.    Background**

The Court assumes familiarity with the facts, which are set out more fully in the decision granting defendants' motion to dismiss. *See Richardson v. Com. Media Holdings, LLC*, No. 24 Civ. 4660, 2025 WL 919670, at *1–2 (S.D.N.Y. Mar. 26, 2025). In brief, Richardson, a fashion photographer, posted a photograph he had taken of the American rapper known as "Tyler, the Creator" online at some time between January 18, 2022 and January 23, 2022. Dkt. 21 ("Amended Complaint" or "AC") ¶¶ 14–15. Approximately three months later, on April 17, 2022, Richardson registered the photograph with the United States Copyright Office. *Id.* ¶ 13. The AC alleges that, on an unspecified date, defendants posted the photograph to their Instagram

1

profile without Richardson's authorization. *Id.* ¶ 15. The AC brings a claim of copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*

On June 18, 2024, Richardson filed this lawsuit. Dkt. 1. On August 29, 2024, defendants moved to dismiss. Dkt. 16. That day, the Court issued an order directing Richardson to either amend his complaint or oppose the motion. Dkt. 20. On September 18, 2024, Richardson filed the operative AC, which brings a single count of copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.*, against all defendants. Dkt. 21. On October 10, 2024, defendants filed a renewed motion to dismiss. Dkt. 24. On October 31, 2024, Richardson opposed. Dkt. 29. On November 14, 2024, defendants replied. Dkt. 30.

On March 26, 2025, the Court issued a decision granting, with prejudice, defendants' motion to dismiss. Dkt. 33. The Court reasoned that the AC could not pass muster under the four-part pleading test set out in *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 950 (1994), a test that courts in this District have consistently applied in evaluating challenges to copyright-infringement claims on the pleadings. Under the fourth prong of *Kelly*, a complaint must specify the date on which the allegedly infringing activity occurred. *See id.* Because Richardson's AC failed to allege the date upon which defendants were alleged to have violated his copyright, the Court, consistent with this body of caselaw, dismissed the complaint based on that pleading defect. *See Richardson*, 2025 WL 919670, at *3 (collecting cases). And, because as Richardson already had, but forewent, the opportunity to amend his complaint to include the date of infringement in response to defendants' first motion to dismiss, which devoted nearly two pages to asserting that pleading defect, the Court dismissed the AC with prejudice. *See id.* at *4 (collecting cases).

2

On April 9, 2025, Richardson timely filed a motion for reconsideration, Dkt. 35, and memorandum in support, Dkt. 36 ("Pl. Br."). On April 25, 2025, defendants opposed. Dkt. 38 ("Def. Br."). On May 2, 2025, Richardson replied. Dkt. 40.

## II. Applicable Legal Standards

The standard governing motions for reconsideration under Federal Rule of Civil Procedure 60(b) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also* S.D.N.Y. L.R. 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Rule 60(b) is thus considered a "mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted).

3

### III. Discussion

Richardson moves for reconsideration of the Court's (1) dismissal of the copyright-infringement claim, and (2) denial of leave to amend.

#### A. Copyright Infringement

Richardson moves for reconsideration centrally on the ground that *Kelly*'s pleading test has not been formally adopted by the Second Circuit. That argument does not clear the "high bar" required for a motion for reconsideration. *See Espinal v. Sephora USA, Inc.*, No. 22 Civ. 3034, 2024 WL 4751279, at *2 (S.D.N.Y. Nov. 12, 2024).

To begin with, although Richardson is correct that the Second Circuit has never expressly adopted the *Kelly* test, *Kelly* itself was affirmed by the Circuit, *see* 23 F.3d 398 (2d Cir. 1994), and the Supreme Court declined review, *see* 513 U.S. 950 (1994). And the Circuit, in a summary order, has described the copyright infringement pleading standard consistently with *Kelly*'s treatment of the fourth element, the one at issue. *See Kousnsky v. Amazon.com, Inc.*, 631 F. App'x 22, 25 (2d Cir. 2015) (summary order) ("A well-pleaded copyright infringement claim requires a plaintiff to allege, *inter alia*, by what acts during what time the defendant infringed the copyright" (cleaned up) (citing *Kelly*, 145 F.R.D. at 36)). Moreover, as noted, courts within this District, applying *Kelly*, have consistently dismissed complaints based on the defect at issue—silence as to the date of infringement. *See Brunswick Recs. Corp. v. Lastrada Ent. Co.*, No. 23 Civ. 100, 2023 WL 3010967, at *4 n.3 (S.D.N.Y. Apr. 20, 2023) ("[T]he complaint suffers from a . . . defect in that it fails to allege 'during what time' the defendant infringed the copyright, a necessary element of a copyright claim." (citation omitted)); *Palmer/Kane LLC v. Benchmark Educ. Co.*, No. 18 Civ. 9369, 2020 WL 85469, at *9 (S.D.N.Y. Jan. 6, 2020) ("Because [some of plaintiff's copyright claims] do not . . . contain allegations regarding the time period of

4

Defendant's infringement," they "do not meet the muster of pleading requirements under *Kelly*."); *Young-Wolff v. McGraw-Hill Cos.*, No. 13 Civ. 4372, 2014 WL 349711, at *5 (S.D.N.Y. Jan. 31, 2014) (dismissing complaint where it "d[id] not contain a single date or reference to a time period, and thus fails to specify during what time the defendant infringed the copyright" (cleaned up)); *Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012) ("Plaintiff's allegations are also deficient because they do not include any statement of 'by what acts during what time the defendant[s] infringed [Plaintiff's] copyright'" (citation omitted)); *Calloway v. Marvel Ent. Grp.*, No. 82 Civ. 8697, 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (dismissing plaintiff's claims for failure to comply with the requirements of Rule 8(a), where the complaint "fails to specify the dates on which the alleged infringement(s) occurred"). Accordingly, barring contrary direction from the Supreme Court or the Second Circuit,[1] this Court will adhere to the standard consistently followed within this District. *See Jacobs v. Carnival Corp.*, No. 6 Civ. 606, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009).

Richardson attempts to distinguish *Kelly* on the ground that it involved a Rule 12(e) motion for a more definite statement as opposed to a Rule 12(b)(6) motion for failure to state a claim. *See* Pl. Br. at 6–7. But that is an immaterial distinction, insofar as *Kelly* itself stated that a court applying both rules must assure compliance with Federal Rule of Civil Procedure 8,

---

[1] Richardson contends that the Second Circuit rejected *Kelly* in *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019). That is wrong. The case presented the question whether *Kelly* was inconsistent with precedent that could be argued to require a plaintiff to plead only two elements of copyright infringement ("ownership of a valid copyright" and "copying of constituent elements of the work that are original"). *Id.* The Circuit did not reach that question, but instead decided the case on alternative grounds. *See id.* ("We think that, under our Circuit's governing law, the correct disposition here turns not on whether there are two or four elements of a generic copyright infringement claim, but instead on the implications of the fact, acknowledged in Yamashita's Complaint, that Scholastic procured licenses to copy the Photographs.").

5

which requires that a complaint give defendant "fair notice of what the plaintiff's claim is and the grounds on which it rests." *Kelly*, 145 F.R.D. at 35 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). And *Kelly* was clear that the four factors it enumerated are those required to "properly *plead* [a] copyright infringement claim." *Id.* at 36 (emphasis added). Unsurprisingly, the district courts that have applied *Kelly* have generally done so in the procedural posture here: on a motion brought under Rule 12(b)(6). *See, e.g.*, *Cobb v. Am. Urb. Radio Networks LLC*, No. 24 Civ. 1305, 2025 WL 641437, at *1 (S.D.N.Y. Feb. 27, 2025); *Davidson v. 925 LLC*, No. 23 Civ. 9891, 2025 WL 35039, at *1 (S.D.N.Y. Jan. 6, 2025); *Tianhai Lace Co. v. ASOS, PLC*, No. 22 Civ. 9752, 2023 WL 3479804, at *2 (S.D.N.Y. May 16, 2023); *Hartmann v. Amazon.com, Inc.*, No. 20 Civ. 4928, 2021 WL 3683510, at *3 (S.D.N.Y. Aug. 19, 2021).

Richardson further argues that the Court improperly dismissed the AC based on the conclusion that he would not be able to recover statutory damages without pleading the date of infringement. *See* Pl. Br. at 2–4. That argument misapprehends the ruling. The Court did not dismiss the AC on the ground that statutory damages would be unavailable to Richardson. Dismissal was instead based on the AC's failure to plead the fourth *Kelly* element. The Court's discussion of statutory damages merely addressed this point in explaining "a reason for—and a reason courts enforce—[*Kelly*'s] requirement that the plaintiff plead the date of infringement." *Richardson*, 2025 919670, at *3. The Court noted that § 412 of the Copyright Act provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration." *Id.* It followed, the Court reasoned, that "[a]ssuming *arguendo* that the infringing use occurred before Richardson registered the photograph, and that the photograph was 'unpublished' within the meaning of the Copyright Act, Richardson is ineligible

6

to recover the statutory damages and attorney's fees his AC centrally seeks under the Copyright Act." *Id.* (cleaned up).

Richardson's citation to a carveout provision of the Copyright Act, § 412(2), *see* Pl. Br. at 2, is therefore misplaced. Section 412(2) permits recovery of statutory damages if "registration is made within three months after the first publication of the work." But, as the Court noted, "[m]erely posting a digital file on the Internet," as Richardson did, "does not amount to 'publication' under the Copyright Act." *Richardson*, 2025 WL 919670, at *3 (quoting *Norris v. Goldner*, No. 19 Civ. 5491, 2023 WL 5477229, at *6 n.9 (S.D.N.Y. Aug. 24, 2023); *see also Einhorn v. Mergatroyd Prods.*, 426 F. Supp. 2d 189, 197 n.45 (S.D.N.Y. 2006) (Kaplan, J.) ("Merely posting a digital file . . . on the Internet lacks the element of commercial exploitation" that defines "publication" under the Copyright Act); *McLaren v. Chico's FAS, Inc.*, No. 10 Civ. 2481, 2010 WL 4615772, at *4 (S.D.N.Y. Nov. 9, 2010) (same); *Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 99–100 (S.D.N.Y. 2020) (same). Section 412(2), then, is of no avail to Richardson. In any event, the Court did not dismiss the AC on the ground that statutory damages were unrecoverable. The Court could not have done so, because the date of the alleged infringement, having not been pled, was (and is) unknown.[2]

At bottom, Richardson points neither to "controlling decisions" or "data" that the Court overlooked in resolving the motion to dismiss. *Tonga Partners*, 684 F.3d at 52. The Court thus denies the motion as to the copyright-infringement claim.

---

[2] Richardson could have also elected to pursue actual damages as an alternative to statutory damages. *See* 17 U.S.C. § 504(c)(1)).

7

**B.    Leave to Amend**

Richardson next argues that the Court was wrong to dismiss the AC with prejudice and should have given Richardson another opportunity to amend. *See* Pl. Br. at 9–10.

The Court disagrees. As reviewed above, defendants' initial motion to dismiss put Richardson squarely on notice that defendants were challenging the Complaint, under *Kelly*, for failure to set out the date of infringement. Defendants devoted nearly two pages of their brief in support of dismissal to the argument that the Complaint was fatally deficient for failure to allege the date on which the infringement occurred. *See Richardson*, 2025 WL 919670, at *4 (citing Dkt. 17 at 4–6). And the Court, in turn, warned Richardson that he should not expect an additional opportunity to amend. *See* Dkt. 20 (amend-or-oppose order). Richardson's ensuing AC added allegations that addressed other challenges made in defendants' motion but, tellingly, was silent entirely with respect to that pleading defect.[3]

Under these circumstances, where a plaintiff had notice of the claimed pleading defect and was given a one-time opportunity to correct it via amendment but failed to do so, plaintiffs, as the Court explained in dismissing the AC, are commonly denied an opportunity to file an additional amended complaint. *See Richardson*, 2025 WL 919670, at *4 (citing *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007), and *Mitchell v. New York*, No. 23-705,

---

[3] In pursuing reconsideration, Richardson claims for the first time that he was not aware of the date of infringement before he filed the AC. *See* Pl. Br. at 9. Notably, in claiming ignorance, Richardson does not indicate that he ever undertook any investigation on this legally important point. In all events, if he believed that his purported ignorance excused his failure to plead the infringement date, Richardson should have said and documented that fact long ago—in the AC, or in response to defendants' motion to dismiss the AC, rather than waiting until a motion for reconsideration. The Court declines to permit reconsideration based on this new argument. *See Albritton v. Fredella*, No. 22 Civ. 4512, 2023 WL 2057997, at *2 (S.D.N.Y. Feb. 16, 2023) (a motion for reconsideration is not "an opportunity for making new arguments that could have been previously advanced").

2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (the "district court did not err when denying [plaintiff's] motion to amend the complaint" insofar as plaintiff "has already amended his complaint on one prior occasion")). The Court thus, consistent with caselaw within this Circuit, declines to reconsider its decision to dismiss the AC with prejudice. *See, e.g., Kpaka v. City Univ. of New York*, 708 F. App'x 703, 705 (2d Cir. 2017) (affirming dismissal with prejudice where plaintiff already had one opportunity to amend complaint); *Petrosurance, Inc. v. Nat'l Ass'n of Ins. Comm'rs*, 514 F. App'x 51, 53 (2d Cir. 2013) (same); *Bennett v. City of New York*, 425 F. App'x 79, 81 (2d Cir. 2011) (same); *Chudnovsky v. Leviton Mfg. Co.*, 158 F. App'x 312, 314 (2d Cir. 2005) (same).

## CONCLUSION

For these reasons, the Court denies Richardson's motion for reconsideration. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 35. The case remains closed.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 15, 2025
New York, New York